IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS DELONE EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 22-1713 |
| ) | Judge Nora Barry Fischer |
| ATTORNEY GENERAL JOSH SHAPIRO, ) | Magistrate Judge Kezia O.L. Taylor |
| et. al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

AND NOW, this 21st day of November, 2025, upon consideration of the Report and Recommendation filed by United States Magistrate Kezia O.L. Taylor on October 28, 2025, (Docket No. 16), recommending that Petitioner Carlos Delone Evans' § 2254 Petition (Docket No. 4) be denied and that a certificate of appealability be denied, and directing that objections by non-ECF users be filed by November 14, 2025, (Docket No. 16), Petitioner's Objections which were timely filed on November 10, 2025, (Docket No. 17), and upon independent review of the record and de novo consideration of the Magistrate Judge's Report and Recommendation of October 28, 2025, (Docket No. 16),

IT IS HEREBY ORDERED that the Report and Recommendation [16] is ADOPTED as the Opinion of this Court;

IT IS FURTHER ORDERED that Petitioner's Objections [17] are OVERRULED. To that end, the sole basis for Petitioner's objection is that his petition was allegedly dismissed because he was not in custody at the time he filed his § 2254 petition and that his being subject to parole and associated conditions was sufficient to demonstrate that he was in custody for purposes of his §

1

2254 Petition. (Docket No. 17 at 1-2). He asks that the Petition be reinstated and that it be addressed by the Court on the merits. (*Id.*). However, a careful review of the Report and Recommendation indicates that his Petition was not dismissed for lack of jurisdiction or for a failure of Petitioner to demonstrate that he was not "in custody." (*See* Docket No. 16). To the contrary, the Magistrate Judge explained in footnote 1 on pages 1 and 2 of the Report and Recommendation:

> It is noted that Petitioner was paroled from his term of incarceration prior to filing the Petition in this case, but it is unclear whether at the time he filed his Petition he was still on parole, already serving his probation, or had completed serving his term of probation. A federal court has jurisdiction to entertain a petition for writ of habeas corpus under § 2254 only if the petitioner was "in custody pursuant to the judgment of a State court" when the petition was filed. 28 U.S.C. § 2254(a). The United States Supreme Court has held that the "in custody" requirement is satisfied when, at the time he files the petition, the petitioner was incarcerated pursuant to the judgment of the state court that is under attack. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Third Circuit has also held that the jurisdictional "custody" requirement can be satisfied by restrictions other than physical confinement. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under his unexpired sentence); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988) (finding that habeas jurisdiction continued "at least until the expiration of Barry's probationary term"). If Respondents can demonstrate through the filing of Objections that Petitioner was no longer "in custody" at the time he filed his Petition in this case then it is recommended that the Court dismiss the Petition for lack of jurisdiction.

(Docket No. 16 at 1-2, n.1). The Magistrate Judge then proceeded to analyze each of Petitioner's five habeas claims in the body of the Report and Recommendation and provided several reasons for denying the claims on the merits, i.e.,

1) Petitioner's claims based on violations of state law are not cognizable on federal habeas review, (*id.* at 9-10 (citing *Taylor v. Horn*, 504 F.3d 416, 448 (3d Cir. 2007));

2) Petitioner's ineffective assistance of counsel claims do not merit habeas relief, (*id.* at 11-18); and,

2

    3) Petitioner's claim challenging the affidavit of probable cause is procedurally defaulted and otherwise fails to provide him a basis for relief, (id. at 18-21).

Petitioner has not lodged any objections to the Magistrate Judge's reasons for denying the claims on the merits and the Court has conducted a de novo review and finds the reasoning set forth in the Report and Recommendation to be sound. (*See* Docket No. 16 at 10-21). Hence, Petitioner's objections are OVERRULED;

IT IS FURTHER ORDERED that the Petition (Docket No. 4) is DENIED;

IT IS FURTHER ORDERED that no certificate of appealability shall issue because Petitioner has not made a substantial showing of the denial of a Constitutional right or shown that jurists of reason would disagree that the Petition should be denied, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and,

IT IS FURTHER ORDERED that an appropriate judgment follows.

                                                      *s/Nora Barry Fischer*
                                                      Nora Barry Fischer
                                                      Senior U.S. District Judge

cc/ecf:  All counsel of record.
           Magistrate Judge Kezia O.L. Taylor

cc:       CARLOS DELONE EVANS
           2615 Shadeland Ave
           Pittsburgh, PA 15212 (via first class mail)